UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| J.F. NEW & ASSOCIATES, INC., | ) | |
|---|---|---|
| d/b/a CARDNO JFNEW, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:14-CV-1418 RLM |
| | ) | |
| INTERNATIONAL UNION OF | ) | |
| OPERATING ENGINEERS, LOCAL 150, | ) | |
| ALF-CIO, et al., | ) | |
| | ) | |
| Defendants | ) | |

OPINION and ORDER

On April 16 2014, J.F. New & Associates Inc., d/b/a Cardno JFNew (JFNew), brought suit against defendants International Union of Operating Engineers, Local 150, ALF-CIO; Railroad Maintenance and Industrial Health and Welfare Fund; Midwest Operating Engineers Health and Welfare Fund; and Midwest Operating Engineers Pension Fund of the International Union of Operating Engineers, Local 150, seeking a declaratory judgment based on the Union's attempt to enforce two collective bargaining agreements. JFNew alleges those agreements were fraudulently induced by Local 150 officials, which amounted to constructive fraud (Count I), and the agreements were signed by unilateral or mutual mistake (Count II). Local 150 has moved to dismiss the complaint, and in a separate motion, the Midwest Operating Engineers Health and

Welfare Fund and the Midwest Operating Engineers Pension Trust Fund ("the Funds") have moved to dismiss the complaint, as well. Local 150 and the Funds seek dismissal of JFNew's complaint based on a lack of subject matter jurisdiction, FED. R. CIV. P. 12(b)(1), and for failure to state a claim, FED. R. CIV. P. 12(b)(6). The motions to dismiss are ripe for review.

Background

JFNew, an Indiana corporation, performs ecological consulting and restoration in the landscape field, specializing in "scientific approaches to endangered species, wetlands, erosion control, prairie establishment, federal and state permitting, ecological mitigation, and native plants." Compl., ¶ 11. According to the complaint, JFNew entered into discussions in 2013 with officials of JF Brennan Company about JFNew's participation in a construction project known as The East Branch Grand Calumet River – Reaches 4A and 4B Project ("the Project"). JFNew learned from JF Brennan, the general contractor on the Project, that use of union subcontractors was required, so JFNew, a non-union firm, contacted officials of Local 150 to discuss the possibility of satisfying the union subcontractor requirement by entering into "a project specific agreement" with the Union to complete JFNew's portion of the Project. Compl., ¶ 15. A project specific agreement, JFNew explains, "allows a nonunion contractor to employ union labor for a single construction project of a limited duration . . . . In that way, the

2

contractor is able to maintain its nonunion status, yet perform construction work on a union construction project." Compl., at 5 n.4.

JFNew says that in May 2013 company officials met with Local 150 representative Gabe Restrepo, who agreed that JFNew could use union labor provided by Local 150 for the Project without entering into a collective bargaining agreement. Shortly after that meeting, the Union forwarded copies of two separate memoranda to JFNew for its signature, one memorandum relating to the plantsmen on the Project and one memorandum relating to the operators on the Project. JFNew company officials signed the memoranda a month later, and work on the Project began on August 8, 2013.

JFNew says that in October 2013, after a conversation with Mr. Restrepo in which he raised questions about JFNew's union affiliation, company officials reviewed the memoranda and discovered that those documents incorporated collective bargaining agreements. JFNew says that unbeknownst to company officials, the memoranda incorporated by reference certain "Master Agreements," which were later identified as collective bargaining agreements, and also incorporated by reference two trust documents relating to the Funds. JFNew claims it signed the memoranda under the assumption that the documents were the previously discussed project specific agreements granting JFNew the use of union labor on the Project without entering into a collective bargaining agreement. JFNew notified Mr. Restrepo of the error and asked that the Union forward the

3

project specific agreement that was originally discussed and agreed to by the parties. According to JFNew, Mr. Restrepo forwarded a number of unrelated and incorrect documents to the company. JFNew says it made several attempts to get the correct project specific agreement from the Union, but when those requests were unsuccessful, JFNew notified Local 150 in writing in October 2013 that the company was rescinding and terminating the memoranda and CBAs. "In response, the Union accused JFNew of violating the termination provisions of the memoranda and CBAs." Resp., at 3.

JFNew filed its declaratory judgment action in this court in April 2014 pursuant to 28 U.S.C. § 2201(a) and Section 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a), alleging that the Union fraudulently induced the company into signing the memoranda and that the memoranda were signed based on a mistake by the parties about the content of the documents. JFNew claims that the "essential terms of the memoranda and the CBAs that the Union now seeks to enforce against JFNew are materially different than the terms and effect agreed upon by JFNew and the Union." Compl., ¶ 28. JFNew seeks a declaration that "the memoranda, the CBAs, and the related trust documents are void and otherwise not enforceable contracts." Compl., at 9.

Local 150 and the Funds have moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction or,

alternatively, under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

## Motions Under Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of complaints that bring no actionable claim within the subject matter jurisdiction of the federal courts. A motion to dismiss for lack of subject matter jurisdiction presents a threshold question about the court's power to act: a federal court must assure itself that it has jurisdiction over the subject matter of a case before it can proceed to take any action on the merits of the action. Baker v. Kingsley, 387 F.3d 649, 656 (7th Cir. 2004); Olson v. United States, No. 1:12-CV-34-RLM, 2012 WL 5411542, at *1 (N.D. Ind. Nov. 6, 2012).

In deciding a motion brought under Rule 12(b)(1), the court must take the facts alleged in the complaint as true, but may "properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted . . . to determine whether in fact subject matter jurisdiction exists." Miller v. FDIC, 738 F.3d 836, 840 (7th Cir. 2013). The party asserting jurisdiction bears the burden of demonstrating subject matter jurisdiction by competent proof. Thomas v. Gaskill, 315 U.S. 442, 446 (1942).

*Local 150*

5

Local 150 has moved to dismiss JFNew's complaint under Rule 12(b)(1) based on its argument that Section 301 of the LMRA is inapplicable to this action. The Union maintains that JFNew hasn't alleged a violation of the contracts, but, instead, is challenging the validity of those contracts. Jurisdiction over a challenge to the validity of the parties' contract, the Union says, lies not with this court, but with the National Labor Relations Board or a mutually agreed-upon arbitrator per the terms of the CBA.

The Declaratory Judgment Act, 28 U.S.C. § 2201, "allows a party like [JFNew] who expects to eventually be sued, to determine [its] rights and liabilities without waiting for [its] adversary, the presumptive plaintiff, to bring suit. That act, however, is not an independent grant of federal subject-matter jurisdiction, so jurisdiction depends upon the nature of the anticipated claims. . . . In the context of this action for a declaratory judgment, therefore, the allegations in [JFNew's] complaint must demonstrate that the defendants could file a federal claim." DeBartolo v. Healthsouth Corp., 569 F.3d 736, 741 (7th Cir. 2009) (internal citations omitted); *see also* Public Service Comm'n of Utah v. Wycoff Co., Inc., 344 U.S. 237, 248 (1952) ("Where the complaint in an action for declaratory judgment seeks in essence to assert a defense to an impending or threatened . . . action, it is the character of the threatened action, and not of the defense, which will determine whether there is federal-question jurisdiction in the district court.").

JFNew bases the claims of its complaint on Section 301(a) of the Labor Management Relations Act, which provides federal courts with jurisdiction over "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce." 29 U.S.C. § 185(a). A claim brought under Section 301 of the LMRA "must satisfy three requirements before it can be properly asserted in federal court: it must be (1) a claim of a violation of (2) a contract (3) between an employer and a labor organization." Laborers' Pension Fund v. Joe Cachey Const. Co., Inc., 947 F. Supp. 365, 368 (N.D. Ill. 1996). JFNew has alleged that this dispute involves a collective bargaining agreement that JFNew has been accused of violating; the company qualifies as an "employer" under the Act; and the Union is a "labor organization representing employees in an industry affecting commerce" as defined in Section 301 of the LMRA. JFNew's allegations are sufficient to assert a claim under Section 301 of the LMRA.

Local 150 next argues that this court lacks jurisdiction because JFNew's claims are, in reality, a challenge to the validity of the contracts, and claims relating to the validity of a contract aren't encompassed within Section 301 of the LMRA. The issue of a challenge to the validity of a contract under Section 301 was addressed by the Court in Textron Lycoming Reciprocating Engine Div. v. U.A.W. Local 787, 523 U.S. 653 (1998), a case relied on by both parties:

> 'Suits for violation of contracts' under § 301(a) are not suits that claim a contract is invalid, but suits that claim a contract is violated.

7

> This does not mean that a federal court can never adjudicate the validity of a contract under § 301(a). That provision simply erects a gateway through which parties may pass into federal court; once they have entered, it does not restrict the legal landscape they may traverse. . . . [A] declaratory judgment plaintiff accused of violating a collective-bargaining agreement may ask a court to declare the agreement invalid. But in these cases, the federal court's power to adjudicate the contract's validity is ancillary to, and not independent of, its power to adjudicate '[s]uits for violation of contracts.'

523 U.S. at 657-685. The Textron Court found jurisdiction lacking under the facts of that case: "[T]he union neither alleges that Textron has violated the contract, nor seeks declaratory relief from its own alleged violation. Indeed, as far as the union's complaint discloses, both parties are in absolute compliance with the terms of the collective-bargaining agreement." 523 U.S. at 658. Local 150 likens this case to Textron – the Union claims it hasn't accused JFNew of any contract violations – and concludes that this court is without jurisdiction to address JFNew's challenge to the validity of the contracts.

The court can't agree. JFNew's allegations differ from those in Textron. JFNew has alleged that the Union accused the company of violating the termination provision of the CBAs. While the Union says it "merely advised" JFNew that it wasn't willing to accept the company's termination request, factual disputes aren't properly resolved at this stage of the proceedings. *See* Moorish Science Temple of America v. City of Berwyn, No. 11-cv-3519, 2011 WL 3898046, at *6 (N.D. Ill. Sept. 6, 2011) ("[I]t is well-settled that a motion to dismiss under Rule 12(b)(6) is meant to test the sufficiency of the complaint, not to decide the

8

merits of the case."). JFNew's allegations are sufficient to state a claim under Section 301(a) of the LMRA, so the court's exercise of supplemental jurisdiction over the company's additional challenge to the validity of the CBAs is proper. *See* 28 U.S.C. § 1367(a); Stevens Constr. Corp. v. Chicago Regional Council of Carpenters, 464 F.3d 682, 685 (7th Cir. 2006) (even though Section 301(a) "applies only to 'suits that claim a contract has been violated,' not to 'suits that claim a contract is invalid, . . . a declaratory judgment plaintiff accused of violating a collective-bargaining agreement may ask a court to declare the agreement invalid'") (*quoting* Textron, 523 U.S. 657-658)). The Union's motion to dismiss under Rule 12(b)(1) must be denied on this basis.

Local 150 also argues that the court should defer to the National Labor Relations Board for the Board's consideration of this dispute. The Union maintains that the allegations of JFNew's complaint are that Local 150 bargained in bad faith, a claim governed by Sections 7 and 8 of the National Labor Relations Act over which the National Labor Relations Board has primary subject matter jurisdiction. Section 7 of the NLRA relates to the rights of employees to organize and "bargain collectively through representatives of their own choosing," 29 U.S.C. § 157, and Section 8(b)(3) of the Act, specifically referenced by the Union and found at 29 U.S.C. § 158(b)(3), prohibits labor organizations from "refus[ing] to bargain collectively with an employer" subject to the provisions of 29 U.S.C. § 159(a), which describes collective bargaining as relating to "rates of pay, wages,

9

hours of employment, or other conditions of employment." Local 150 cites to Sections 7 and 8 of the NLRA, but offers no explanation of how either of those sections, or the collective bargaining process, is applicable to the facts alleged in JFNew's complaint.

JFNew's claims are based on Section 301 of the LMRA, which grants jurisdiction to federal courts to enforce collective bargaining agreements. "[Section] 301 of [the LMRA], . . . 29 U.S.C. § 185, permits suits for breach of a collective bargaining agreement regardless of whether the particular breach is also an unfair labor practice within the jurisdiction of the [NLRB]." Vaca v. Sipes, 386 U.S. 171, 179-180 (1967). While the NLRB has jurisdiction over claims of unfair labor practices, "[t]he authority of the [NLRB] to deal with an unfair labor practice which also violates a collective bargaining contract is not displaced by § 301 [of the LMRA] . . . and does not destroy the jurisdiction of the courts in suits under § 301." Smith v. Evening News Ass'n, 371 U.S. 195, 197 (1962). Thus, this court's exercise of jurisdiction over JFNew's claims against the Union is proper.

Local 150 lastly argues that the court has no jurisdiction because JFNew's challenge to the validity of the parties' contract must go to arbitration pursuant to Section 4 of the Federal Arbitration Act, 9 U.S.C. §§ 1-16. JFNew disagrees and insists that the company never agreed to any arbitration provision; in fact, the company says, because it is seeking a declaration that the contracts are void *ab*

10

*initio* and that no provisions of the contracts are binding, jurisdiction remains vested in this court.

Before ordering arbitration, a court must decide whether the parties agreed to arbitrate their dispute. "[T]he party seeking to compel arbitration must establish that the parties' arbitration agreement was validly formed, covers the dispute in question, and is legally enforceable." Van Tassell v. United Marketing Group, LLC, 795 F. Supp. 2d 770, 786 (N.D. Ill. 2011). Local 150 hasn't made that showing. The record in this case contains no information about any arbitration clause or other contract provision that the Union claims requires arbitration, and no motion to compel arbitration has been filed pursuant to the statutory section upon which the Union relies. *See* 9 U.S.C. § 4 ("A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court . . . for an order directing that such arbitration proceed in the manner provided for in such agreement.").

Because "arbitration depends on a valid contract, an argument that the contract does not exist can't logically be resolved by the arbitrators." Gilman v. Walters, No. 3:12-cv-114, 2014 WL 6609369, at *5 (S.D. Ind. Nov. 20, 2014). "It is . . . well settled that where the dispute at issue concerns contract formation, the dispute is generally for courts to decide." Granite Rock Co. v. International Bhd. of Teamsters, 561 U.S. 287, 296 (2010); *accord* Janiga v. Questar Capital Corp., 615 F.3d 735, 742 (7th Cir. 2010) ("[T]he court must decide whether a contract

11

exists before it decides whether to stay an action and order arbitration."); Will–Drill Resources, Inc. v. Samson Resources Co., 352 F.3d 211, 218 (5th Cir. 2003) ("Where the very existence of any agreement is disputed, it is for the courts to decide at the outset whether an agreement was reached."). Local 150 hasn't alleged that the parties agreed to arbitration nor has it established that arbitration of this dispute is required. *See* Granite Rock Co. v. International Bhd. of Teamsters, 561 U.S. 287, 299 (2010) ("Arbitration is strictly a matter of consent and thus is a way to resolve those disputes – but only those disputes – that the parties have agreed to submit to arbitration." (internal quotations and citations omitted)).

Local 150's motion to dismiss JFNew's complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction will be denied.

*The Funds*

The Funds argue that JFNew's claims against them should be dismissed under Rule 12(b)(1) because Section 301 of the LMRA doesn't provide a jurisdictional basis for those claims. According to the Funds, they aren't labor organizations, neither Fund is signatory or party to the contracts between JFNew and Local 150, and the complaint contains no allegation that the Funds violated the contracts or that the Funds have accused JFNew of violating the contracts. In response, JFNew contends that jurisdiction under Section 301 is proper because

the company is asking the court to declare invalid any obligations the company might have to the Funds or that the Funds might seek to enforce under the CBA.

A plaintiff seeking a declaratory judgment "does not establish federal subject matter jurisdiction simply by invoking its desire to seek a declaratory judgment. . . . To meet the subject matter jurisdiction requirement articulated in 28 U.S.C. § 1331, a declaratory judgment plaintiff must show that the anticipated suit, which has raised the need for a declaratory judgment, would satisfy federal jurisdictional standards." City of South Bend v. South Bend Common Council, No. 3:12-CV-475, 2013 WL 149613, at *2 (N.D. Ind. Jan. 14, 2013). Thus, the court must determine whether the Funds' presumed complaint against JFNew "on its face, would include an action 'arising under' federal law." Samuel C. Johnson 1988 Trust v. Bayfield County, Wis., 520 F.3d 822, 828 (7th Cir. 2008); *accord* DeBartolo v. Healthsouth Corp., 569 F.3d 736, 741 (7th Cir. 2009) ("In the context of this action for a declaratory judgment, therefore, the allegations in [the plaintiff's] complaint must demonstrate that the defendants could file a federal claim.").

Suits to enforce pension rights under a collective bargaining agreement may be brought under Section 301 of the LMRA. International Union, United Auto., Aerospace and Agric. Implement Workers of America, UAW v. Keystone Consol. Indus., Inc., 793 F.2d 810, 814 (7th Cir. 1986). "Section 301 of the LMRA creates the civil right to enforce contract breaches between employers and labor

13

organizations representing employees. 29 U.S.C. § 185(a). This right has long been understood to grant the trustees of employee benefit funds standing to sue an employer for breach of a contract or a collective bargaining agreement." Shales v. Schroeder Asphalt Servs., Inc., No. 12 C 6987, 2013 WL 6858775, at *2 (N.D. Ill. Dec. 30, 2013). Thus, the court would have subject matter jurisdiction under the LMRA to hear an action by the Funds to collect unpaid contributions from JFNew, and, in turn, the court has jurisdiction to hear JFNew's claim for declaratory relief against the Funds. *See* Hospira, Inc. v. Therabel Pharma N.V., No. 12 C 8544, 2013 WL 3811488 (N.D. Ill. July 19, 2013); Freeman United Coal Mining Co. v. United Mine Workers of America, No. 07-3048, 2007 WL 1549489 (C.D. Ill. May 25, 2007).

The Funds' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) will be denied.

Motions under Rule 12(b)(6)

The parties' burdens under Federal Rule of Civil Procedure 12(b)(6) differ from those imposed by a motion to dismiss brought under Rule 12(b)(1). "When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of persuasion. Under Rule 12(b)(6), by contrast, the defendant bears the burden of demonstrating the plaintiff has not stated a claim." Rogers v.

United States, No. 1:08-CV-162, 2009 WL 482364, at *2 (N.D. Ind. Feb. 23, 2009) (citations omitted).

In ruling on a motion to dismiss under Rule 12(b)(6), the court accepts as true all well-pleaded facts alleged in the complaint and draws all reasonable inferences from those facts in favor of the non-moving party. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-556 (2007); EEOC v. United Airlines, Inc., 693 F.3d 760, 762 (7th Cir. 2012). The complaint must comply with the pleading standard of Federal Rule of Civil Procedure 8(a)(2) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests," Bell Atlantic v. Twombly, 550 U.S. at 555 (*quoting* Conley v. Gibson, 355 U.S. 41, 47 (1957)), and "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (*quoting* Bell Atlantic v. Twombly, 550 U.S. at 570); *see also* Carlson v. CSX Transp., Inc., 758 F.3d 819, 826 (7th Cir. 2014) ("A claim must be plausible rather than merely conceivable or speculative."). The court doesn't ask whether the plaintiff will prevail; rather, the court asks whether the plaintiff is entitled to offer evidence to support its claims. Alizadeh v. Tellabs, Inc., No. 13 C 537, 2014 WL 2726676, at *3 (N.D. Ill. June 16, 2014) ("A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits.").

*Local 150*

Local 150 first says JFNew's claims should be dismissed under Rule 12(b)(6) because the complaint doesn't allege a violation of the contract. As discussed above, JFNew has alleged that the Union accused the company of violating the termination provision of the CBAs. Compl., ¶ 5. The Union's disagreement with that allegation doesn't provide support for a dismissal under Rule 12(b)(6). JFNew's allegations are sufficient to state a claim under Section 301(a) of the LMRA.

The Union next contends the complaint should be dismissed because JFNew hasn't alleged a viable claim for fraud or mistake. The Union says that JFNew "had almost a month in which to review the contract it signed" and "ignorance or unilateral misunderstanding by JFNew does not translate into fraudulent behavior by Local 150." Mot., at 9-10. A jury might agree with Local 150's view of the facts, but the jury might instead agree with the facts asserted by JFNew in its complaint. "Both parties have presented competing, yet plausible factual scenarios. Courts, however, should not attempt to resolve factual disputes on a motion to dismiss." United States v. LaSalle Bank, N.A., No. 07 C 6196, 2008 WL 4874169, at *2 (N.D. Ill. July 29, 2008). The purpose of a Rule 12(b)(6) motion is "to test the sufficiency of a claim for relief, and it is not the appropriate device for resolving factual disputes or resolving the merits of a plaintiff's case." In re Chinin

USA, Inc., 327 B.R. 325, 336 (Bankr. N.D. Ill. 2005). The Union's request for dismissal of the complaint on this basis must be denied.

Lastly, the Union claims the complaint is untimely based on the six-month statute of limitations found in 29 U.S.C. § 160(b). The limitations period in that statutory section relates to the filing of charges with the National Labor Relations Board, not to the filing of a complaint in federal court like this one based on Section 301 of the LMRA.

The Union's motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim will be denied.

*The Funds*

The Funds have moved for dismissal under Rule 12(b)(6) because, the Funds say, JFNew's complaint fails to state a claim against them – JFNew hasn't alleged a violation of any contract by the Funds nor has JFNew alleged any action by the Funds that amounts to fraud or mutual mistake, the causes of action set forth in Counts 1 and 2 of the complaint. In response, JFNew says it isn't required "to prove its case at the pleading stage. Instead, JFNew, as it has done, merely is required to establish that its claim for declaratory relief is plausible." Resp., at 10.

A suit seeking declaratory judgment must present a "case or controversy" that is "definite and concrete, and not merely hypothetical." Hospira, Inc. v. Therabel Pharma, N.V., No. , 2013 WL 3811488, at *9 (N.D. Ill. July 19, 2013).

17

"'Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 (2007) (*quoting* Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273 (1941)).

JFNew maintains that it has "presented well-pleaded facts that, when taken as true, plausibly show that JFNew mistakenly signed the Memoranda in reliance upon the parties' agreement that they would enter into a project specific agreement." Resp., at 10. Even accepting those facts as true as the court must do at this stage of the proceedings, a review of the complaint shows that JFNew hasn't alleged any case or controversy relating to the Funds. The sole allegation in the complaint of actions by the Funds is that the trustees and other fiduciaries of the Funds "are engaged in collecting dues and administering benefits for participants, beneficiaries, and employee members within this district." Compl., ¶ 8. That allegation doesn't suggest that a dispute exists between JFNew and the Funds and, without more, is insufficient to establish the existence of an actual case or controversy between the parties. *See* Cardinal Chemical Co. v. Morton International, Inc., 508 U.S. 83, 95 (1993) ("[A] party seeking a declaratory judgment has the burden of establishing the existence of an actual case or controversy.").

18

JFNew's complaint doesn't provide a "short and plain statement of the claim showing that [the company] is entitled to relief," such that the Funds are given "fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic v. Twombly, 550 U.S. at 555. The Funds' motion to dismiss pursuant to Rule 12(b)(6) must be granted.

Conclusion

Based on the foregoing, the court

(1) DENIES the motion of Local 150 to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) [docket # 19]; and

(2) GRANTS in part and DENIES in part the Funds' motion to dismiss [docket # 13] as follows:

    (a) the motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) is DENIED, and

    (b) the motion to dismiss the plaintiff's claims against defendants Midwest Operating Engineers Health and Welfare Fund and Midwest Operating Engineers Pension Fund under Federal Rule of Civil Procedure 12(b)(6) is GRANTED.

SO ORDERED.

ENTERED: <u>  March 30, 2015  </u>

<u>      /s/ Robert L. Miller, Jr.           </u>
Judge, United States District Court